EYRE vs. EYRE and others.

A court of equity will not relieve against a conveyance made to prevent the grantor's property from being sacrificed, and his creditors from recovering their money. And no subsequent promise for the re-conveyance of such property, founded on such fraudulent consideration, will be enforced.

This cause was argued on pleadings and proofs.

*Mr. Hutchinson*, for complainant.

*Mr. Merritt*, for defendants.

THE CHANCELLOR.

The object of this suit is to obtain the specific performance of a parol contract to convey lands, alleged to have been made to complainant by James Eyre, now deceased, the father of the complainant and of the defendants. In 1851, the complainant and his brother, Isaac, who, as partners, were engaged in business, conveyed the lands in question to their father by deed, absolute on its face, but alleged to be without consideration, and not intended to operate as an absolute conveyance. It is alleged that James Eyre promised to re-convey the property, but never did; that he died in 1864, and the defendants, his heirs, have refused to convey. The complainant alleges that, on faith of the contract, he took possession of the property, and, with the knowledge of James, expended $200 in improvements on it.

The laches of the complainant is great, almost sufficient, in any case, to deprive him of the aid of this court in decreeing performance of a parol contract. The person who made the contract, and could answer and explain the facts charged, is dead, having lived twelve years after the contract, and no excuse is given for the delay.

But the case need not be put on that ground. The com-

plainant, in his bill, and in his testimony, states that he and his brother owed some money, as partners in Philadelphia, and the conveyance to their father was made to prevent their property from being sacrificed, and their creditors from recovering their money. It is well settled, that no party to such a transaction can have relief from it in a court of equity. And no subsequent promise, founded on such fraudulent consideration, can place the complainant with clean hands in this court. It taints the whole transaction. Nor will the expenditure of money in improvements, on the faith of such tainted promise, change his situation.

The bill must be dismissed with costs.